# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DEAN GRAYSON, #290628, | ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:08-1888-RBH-BM ) ) |
| v. | ) ) |
| WARDEN ROBERT STEVENSON, | ) **REPORT AND RECOMMENDATION** ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on May 7, 2008.[1]

On July 21, 2008, the Respondent filed a return and motion for summary judgment. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 22, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a motion to amend/correct his petition on August 13, 2008, requesting to drop Grounds Two and Three of his petition and only pursue Ground One[2]. Petitioner also filed a memorandum in opposition to summary judgment.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988). see Court Docket No. 1-2.

[2] This motion was granted. see Court Document No. 25.

1



The Respondent filed a supplemental memorandum in support of summary judgment on August 14, 2008, and the Court entered an order allowing the Petitioner additional time to file a supplemental response. On August 28, 2008, Petitioner filed a supplemental response in opposition to summary judgment. This matter is now before the Court for disposition.[3]

## Procedural History

Petitioner was indicted in 2002 in Richland County for murder [Indictment No. 02-GS-40-10743], and was represented by Samuel Mokeba, Esquire, and April Sampson, Esquire. (R.pp. 1, 178-179). On February 3, 2003, Petitioner pled guilty to the charge, and was sentenced to forty (40) years imprisonment. (R.pp. 1-32).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Joseph L. Savitz, III, Deputy Chief Attorney of the South Carolina Office of Appellate Defense, who filed an Anders[4] brief requesting to be relieved as counsel and raising the following issue:

> The judge erred by neglecting to obtain a waiver of appellant's right of confrontation prior to accepting his guilty plea.

See Petition, p. 3. (R.p. 36).

On August 26, 2004, the South Carolina Court of Appeals Court affirmed Petitioner's conviction and sentence. See State v. Grayson, 2004-UP-456 (S.C. Aug. 26, 2004). (R.pp. 43-45). The Remittitur was sent down on September 28, 2004. (R.p. 55).

On March 8, 2005, Petitioner filed an application for post-conviction relief ("APCR")

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]Anders v. California, 386 U.S. 738, 744 (1967).

2



in state circuit court. (R.pp. 46-52, 56-65).  Grayson v. State of South Carolina, No. 2005-CP-40-1045.  Petitioner raised the following issues in his APCR:

>	1. Ineffective Assistance of counsel;

>	2. Guilty Plea Involuntarily Entered;

>	3. Denial of Due Process.

(R.p. 48).

Petitioner also later filed an amended APCR, raising the following issues:

>	1.  Trial Counsel was ineffective for failing to review police and laboratory reports, and for failing to inquire why additional testing was not done;

>	2.  Trial Counsel was ineffective for failing to investigate the viability of an insanity defense which would have rendered Petitioner's plea involuntary;

>	3.  Trial Counsel was ineffective for failing to interview Petitioner's psychiatrist to determine Petitioner's competency to plead and Petitioner's psychological state at the time of the incident;

>	4.  Trial Counsel was ineffective for failing to spend sufficient time with Petitioner to adequately prepare for the case;

>	5.  Trial Counsel was ineffective for allowing Petitioner to plead, when Petitioner steadfastly maintained that he was innocent;

>	6.  Trial Counsel was ineffective for coercing Petitioner to plea in order to conceal counsel's lack of preparation; and

>	7.  Trial Counsel was ineffective for failing to protect Petitioner from prosecutorial vindictiveness.

(R.pp. 73-74).

Petitioner was represented in his APCR by Tara Dawn Shurling, Esquire, and an evidentiary hearing was held on Petitioner's application on August 10, 2006.  (R.pp. 75-158).  The PCR judge thereafter issued an order denying and dismissing the petition with prejudice on



November 1, 2006.  (R.pp. 170-177).

Petitioner then filed a Petition for Writ of Certiorari.  Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief Attorney of the South Carolina Office of Appellate Defense, who filed a Johnson[5] petition raising the following issue:

> Trial counsel erred in failing to develop a products liability defense in conjunction with an accident defense in the case.

See Petition, p. 2 (Respondent's Exhibit 3).

Petitioner also filed a *pro se* petition.  (Respondent's Exhibit 4).

On February 21, 2008, the South Carolina Supreme Court granted counsel's petition to be relieved and denied the petition. (Respondent's Exhibit 6).  The Remittitur was issued on March 10, 2008.  (Respondent's Exhibit 7).

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following ground:

> **Ground One:** The trial court failed to inform Petitioner of his right of confrontation before accepting his guilty plea.

See Petition, p. 6.

## **Discussion**

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas

---

[5] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders, 386 U.S. at 744.

4



Corpus Rules 5-7, 11.   Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

In Ground One of his Petition, Petitioner contends that the trial court failed to inform him of his right to confrontation prior to accepting his guilty plea.  Petitioner raised this issue in his direct appeal, which was denied by the South Carolina Court of Appeals.[6] (R.pp. 44-45).  Further, while this issue was not raised in the same posture in Petitioner's APCR, it did relate to a PCR issue, and the PCR Court found that Petitioner was aware of his constitutional rights and that he was waiving those rights by pleading guilty, including his right to remain silent, right to a jury trial, and right to confront his accuser.  (R.p. 176).

---

[6]Respondent argues, inter alia, that Petitioner's failure to seek review of the Appeal Court's decision by the State Supreme Court means that he failed to fully exhaust his state court remedies, leading to a procedural bar.  However, the South Carolina Supreme Court has held that mere presentation to the state court of appeals without more is sufficient to exhaust state remedies.  State v. McKennedy, 559 S.E.2d 850 (S.C. 2002); see also In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454 (S.C. 1990).  While Respondent may contend that, ultimately, the decision is for the federal courts to decide whether an issue was properly presented in state court for purposes of federal review, even under this argument the undersigned observes that in Salters v. Greenville Housing Authority of City of Greenville, 469 U.S. 1225 (1985)(unpublished), the United States Supreme Court denied certiorari on a direct appeal from the South Carolina Court of Appeals.  Therefore, since it is arguable from this decision that the United States Supreme Court would also accept certiorari directly from the South Carolina Court of Appeals, and the South Carolina Supreme Court has held that presentation to the Court of Appeals without more is sufficient to exhaust state remedies, the undersigned does not find that this petition should be deemed time barred, at least for purposes of summary judgment, and I have therefore proceeded to discuss the issue raised on the merits.  Cf Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).



Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). Further, under §2254(d)(1) and (2), federal habeas relief will not be granted on a claim adjudicated on the merits by the state courts unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, or was contrary to, or involved in unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Evans, 220 F.3d at 312.

The United States Supreme Court has held that when a defendant enters a guilty plea in state court, he waives the privilege against compulsory self-incrimination, the right to trial by jury, and the right of confrontation. See Boykin v. Alabama, 395 U.S. 238, 242-243 (1969). While Boykin does not require the trial court to address each of these three rights explicitly before accepting a guilty plea, the record must affirmatively show that these defendant pled guilty knowingly and voluntarily. Lee v. Whitley, No. 93-03791, 1994 WL 395071 at *1 (5th Cir. 1994)(citing Buckley v. Butler, 825 F.2d 895, 899-900 (5th Cir. 1987), cert. denied, 486 U.S. 1009 (1988)); Layne v. Moore, No. 02-1921, 90 Fed.Appx. 418, 423 (3rd Cir. 2004)["[E]ven though the trial judge did not



enumerate every single constitutional right to which [Petitioner] was entitled in the plea hearing, the record shows beyond doubt that [Petitioner] made his guilty plea knowingly and voluntarily."] The South Carolina Supreme Court has also found that while the trial court is not required to direct the defendant's attention to each right and obtain a separate waiver, the record should nevertheless indicate that the defendant was fully aware of the consequences of his guilty plea. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000)."The [United States] Supreme Court has further held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute." Sargent v. Waters, 71 F.3d 158, 160 (1995)(quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)).

     Petitioner has failed to meet his burden of showing that his guilty plea was not voluntary under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. The record reflects that Petitioner's counsel told the Court at Petitioner's guilty plea that he had informed Petitioner of his constitutional rights and that Petitioner understood them. (R.p. 9). Further, Petitioner acknowledged at his PCR hearing that the trial court explained his constitutional rights to him. (R.p. 125) The record also reflects that Petitioner testified at his guilty plea that he knew he was

7



facing a sentence of between thirty (30) years to life, that no one had promised him anything to get him to plead guilty, that no one had threatened him to get him to plead guilty, that he was fully satisfied with the manner in which his lawyers had represented him, that his lawyers had not failed to do anything that he asked them to do, that he had had enough time to talk with them, and that he had no complaints against them. (R.pp. 13-15). Petitioner also testified that he knew he was giving up certain rights by pleading guilty, including the right to remain silent and the right to a jury trial, where he would have had the right to cross-examination of the witnesses presented by the State. (R.pp. 10-12).

Upon viewing this record in its entirety, the record supports the State Court's conclusion that Petitioner was aware of the constitutional rights that he was waiving, including the right to confront witnesses; (R.pp. 43-45, 176); and there is no basis in this record to overturn the findings of the State Court. Evans, 220 F.3d at 312. Petitioner has presented no evidence to show that his guilty plea was not freely and voluntarily entered, nor has Petitioner shown that he was not aware that he was waiving the right to confrontation by pleading guilty. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 529 U.S. 362 (2000); Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Sargent, 71 F.3d at 160 [historical facts underlying guilty pleas are entitled to deference].

This record shows that Petitioner chose to plead guilty, and that he did so freely and voluntarily. Hence, Petitioner has failed to show his plea was involuntary. See Boykin v. Alabama,

8



supra; Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].  Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. While  Petitioner now makes an allegation to explain how his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981).  Therefore, this issue is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina
September 25, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



10