# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| DEAN GRAYSON,                )  | Civil Action No.: 9:08-cv-1888-RBH |
|                              )  | |
| Petitioner,                  )  | |
|                              )  | |
| v.                           )  | **ORDER** |
|                              )  | |
| WARDEN, ROBERT STEVENSON,    )  | |
|                              )  | |
| Respondent.                  )  | |
| _____)  | |

Petitioner, proceeding *pro se*, brought this habeas corpus action pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's [Docket Entry #11] motion for summary judgment. This matter is before the court with the Report and Recommendation [Docket Entry #27] of Magistrate Judge Bristow Marchant filed on September 25, 2008.[1] In his Report, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and the matter be dismissed with prejudice. Petitioner timely filed Objections [Docket Entry #29] to the Magistrate's Report and Recommendation on October 10, 2008.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

The sole issue raised in this habeas proceeding is whether the Petitioner's guilty plea was knowingly and voluntarily made.  Petitioner alleges that the trial court failed to inform him of his right of confrontation before accepting his guilty plea.  Petitioner claims that he did not know that he was waiving his right of confrontation by pleading guilty.

The Magistrate Judge found, however, that the record supported the State Court's conclusion that Petitioner's guilty plea was knowing and voluntary.  The State Court found that Petitioner was aware of the constitutional rights that he was waiving by pleading guilty, including the right to confront witnesses.  The Magistrate Judge concluded there was no basis to overturn the findings of the State Court because the Petitioner had presented no evidence to show that his guilty plea was not freely and voluntarily entered, nor had Petitioner shown that he was not aware that he was waiving the right to confrontation by pleading guilty.

In his objections, Petitioner argues that his guilty plea was not freely and voluntarily entered because he was suffering from mental illness and was medicated at the time of his guilty plea hearing.  In his accompanying affidavit, Petitioner claims that he was under the influence of an anti-depressant medication, Zoloft, prior to and during his guilty plea hearing.

Petitioner argues that the Trial Court should be held to a higher standard when the defendant suffers from mental illness or is under the influence of narcotics.

First, Petitioner's claim regarding mental illness and intoxication is a separate claim that was not originally raised in the instant habeas petition. Petioner's habeas allegations concern the knowing waiver of a Constitutional right, the right to confrontation, while Petitioner's arguments in his objections, that he was suffering from mental illness and was medicated during his guilty plea, concern Petitioner's mental competency to plead guilty. Petitioner cannot alter his original claim by presenting new allegations after the Magistrate Judge has issued his Report and Recommendation. *See e.g., Marshall v. Charter,* 75 F.3d 1421, 1426 (10th cir. 1996) (issues first raised in objections deemed waived); *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

Nevertheless, after reviewing the record, the court concludes that Petitioner's claims that his guilty plea was not knowing and voluntary due to mental illness or intoxication lack merit. The transcript of his guilty plea hearing indicates that the Trial Court was aware of Petitioner's history of mental illness and that he was taking Zoloft daily. Before pleading guilty, Petitioner's defense counsel arranged for a private psychiatric evaluation, which revealed that Petitioner was competent to stand trial. Also, during the plea colloquy, the following exchange occurred between the Trial Judge and Petitioner:

> The Court:   Alright, sir. Have you had any drugs, alcohol, medication or anything in the last twenty-four hours that would keep you from understanding what's going on in court today?
>
> Petitioner:   No, I just take the daily Zoloft that's prescribed for me.

| | | |
|---|---|---|
| The Court: | Alright, what do you take? | |
| Petitioner: | Zoloft? | |
| The Court: | Does that have any effect on your ability to understand what you're doing in court today? | |
| Petitioner: | It has effects, but right now, I guess I'm okay. It just makes me nervous and it might raise my anxiety. | |
| The Court: | Alright, sir, but do you fully understand what you're doing here today? | |
| Petitioner: | Yes. | |

[Transcript of Guilty Plea Hearing, at 6-7, Docket Entry #12-2]. Petitioner was given the opportunity to raise any concerns he had about the effects of the Zoloft on his state of mind, but indicated that it had no effect other than raising his anxiety level. Petitioner unequivocally stated that he fully understood that he was in court to plead guilty. Accordingly, the court overrules Petitioner's objections and agrees with the finding of the Magistrate Judge - - that Petitioner has failed to establish that his guilty plea was not freely and voluntarily given. Additionally, Petitioner is not entitled to federal habeas corpus relief because he has not shown that the Court of Appeals' decision that his guilty plea was knowing and voluntary: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d).

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #27] of the Magistrate Judge. Respondent's [Docket Entry #11] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

December 5, 2008                                       s/ R. Bryan Harwell
Florence, South Carolina                               R. Bryan Harwell
                                                       United States District Judge